```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


ERIC O'NEAL d/b/a                       *      CIVIL ACTION
TOYS, TOYS, & MO' TOYS

versus                                  *      NO. 06-8038

STATE FARM FIRE & CASUALTY COMPANY,     *      SECTION "F"
BOB NOWLIN, and ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

Eric O'Neal secured a commercial insurance policy for his business, Toys, Toys, & Mo' Toys through Bob Nowlin; the policy was issued by State Farm.  His commercial property was damaged by Hurricane Katrina and the aftermath of looting and flooding.  State Farm has refused to pay his claims.  Mr. O'Neal sued State Farm and Nowlin in state court, requesting payment for damages.  He accuses Nowlin of negligence in the procurement of insurance, including failing to secure the insurance coverage he requested, failing to advise them regarding flood insurance, and misrepresenting his commercial property coverage.  He accuses State Farm of bad faith claims adjusting and breach of contract.

State Farm and Bob Nowlin removed the case to this Court on October 13, 2006, invoking this Court's diversity jurisdiction because they claim Nowlin has been improperly joined, or,

1

alternatively, that the Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

The plaintiff now moves to remand the case back to the Civil District Court for the Parish of Orleans.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

The defendants argue that the plaintiff has no possibility of recovery against Nowlin. They contend that plaintiff's claims are preempted because he filed suit more than one year after any negligence or misrepresentation on the part of Nowlin. The defendants rely on Nowlin's affidavit stating that within one year of filing suit the plaintiff did not request a

flood insurance policy, that he was not provided a flood insurance quote, and that he did not provide an elevation certificate that is required for quoting flood coverage.  But the defendants do not address the plaintiff's arguments that he did not discover the gaps in his coverage until after his business was flooded and damaged.

The plaintiff contends that Nowlin misrepresented his commercial policy coverage and failed to secure the coverage he requested.  The defendant counters that the plaintiff was not justified in relying on any alleged misrepresentation because the clear terms of the policy would put him on notice as to any gaps in coverage.  But the defendant does not show the Court which terms should have put the plaintiff on notice; indeed, the policy has not been submitted to the Court.  Further, the plaintiff disputes the timing of his receipt of the policy and the record does not clearly establish when the plaintiff should have been charged with knowledge of the policy's clear terms (which again are not before the Court) that would have put him on notice of the gaps in his coverage.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that the defendants have failed to meet their heavy burden in proving that the plaintiff has no possibility of recovery against Nowlin under state law.

Because Louisiana law creates a fiduciary duty for agents to procure the coverage requested by their customers, the Court

3

cannot say that the plaintiff in this case has no reasonable possibility of recovery under state law. Therefore, the Court finds that the in-state defendant, Nowlin, was not improperly joined; complete diversity between the parties is lacking.

## II.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident." See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.). The defendants fail to convince the Court to the contrary.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 30, 2007.

_____
         MARTIN L. C. FELDMAN
      UNITED STATES DISTRICT JUDGE